OPINION
By DAVIS, J.
The conclusions which the Court has reached in this cause are briefly, as follows:
First: — -That the Will of Thomas Varley was in tES custody and control of his widow Mary Varley, until the date of her death on October 18, 1933, and that during that time William Varley was not chargeable with the custody and control of it any more than the son Thomas Varley, Jr., who died August 24, 1930, or the daughter Mary Varley Geist, the defendant herein. The evidence is uncontradicted that during this time the Will was in the dresser drawer of the widow, Mary Varley.
The Court therefore holds that §10504-14 GC, and not the older §10542 GC controls.
Second: — The Court having reached this conclusion believes that the ease at bar and the case of Helen Haskins, Admr., v Charles W. Lentz, Sr., et al, 7 OO 214 become strikingly similar, and this Court believes the reasoning of the Probate Court in this Hoskins case is logical and the conclusion sound.
This Court especially directs attention to the conclusion of the Court in that case as expressed on pages 215 and 216, as follows:
“It is apparent that the Legislature was not intending to make the penalty more drastic, but that: the purpose of the legislation was to relieve from such severe penalty, unless such withholding or neglect, or concealment or refusal was intentional and for the purpose of delaying the administration or defeating some rights given by the terms of the will.
In the present case, the parties went forward attempting to carry out the terms of the will without knowing the necessity of offering it for probate, and without any in *280 tention of in any way adversely affecting the rights of any devisee or legatee.”
In the case at bar any intentional withholding, concealment or refusal on the part of William Varley could only result in injury to himself, and instead of defeating or in some way adversely affecting the rights of Mary Varley Geist, would result in vesting the entire estate in her.
The Hoskins case seems to be the only Ohio authority construing and applying this Section of the new Probate Code, and some decisions of the higher reviewing courts would be helpful and welcome.
The judgment of this Court is therefore in favor of William Variey, Appellant and against Mary Varley Geist, Appellee.
This Court was not favored with a copy of the decision of the Probate Court in this case. In the brief of Counsel for Appellant it is stated on page Three that a copy of the decision was attached, but the Court failed to find same.
In the opinion of the Court this is another case in which the attorneys can render better service by a sincere effort to settle the case between the parties, rather than carry out prolonged and costly litigation in a comparatively new field and insisting upon a strict and technical application of statutory law.